1
2
3
4
5
6
7
8
9
10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

13   CARLOS BEJAR,                    )    Civil No. 11-cv-431-L(POR)
                                      )
14                      Plaintiff,    )    **ORDER GRANTING**
                                      )    **DEFENDANTS' MOTION FOR**
15   v.                               )    **JUDGMENT ON THE PLEADINGS**
                                      )    **[DOC. 5]**
16                                    )
                                      )
17   CITY OF CHULA VISTA, *et al.*,   )
                                      )
18                      Defendants.   )
                                      )
19   _____     )

20

21        On March 2, 2011, Defendants City of Chula Vista ("City") and Louis Vignapiano

22   removed this personal-injury action to this Court.  The Notice of Removal included Plaintiff

23   Carlos Bejar's First Amended Complaint ("FAC") and Defendants' Answer.  Defendants now

24   move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Plaintiff

25   opposes.

26        For the following reasons, the Court **GRANTS** Defendants' motion for judgment on the

27   pleadings.  (Doc. 5.)

28   //

## I.      BACKGROUND[1]

The City employed Plaintiff beginning in 2002 until his termination in 2006.  (FAC ¶ 17–23 [Doc. 1].)  Initially, Plaintiff worked for the City's Fire Department.  (FAC ¶ 17.)  But in 2005, he was transferred to Information Technology where he reported to Vignapiano.  (FAC ¶ 20.)

In 2006, Vignapiano accused Plaintiff of "lying about his timesheets and other documentation regarding Plaintiff's whereabouts on November 8, 2005."  (FAC ¶ 21.) Vignapiano also added allegedly false charges regarding Plaintiff's sick leave on July 13, 2006 and August 28, 2006.  (FAC ¶ 23.)  Eventually, Vignapiano formally charged Plaintiff with "dishonesty," which consequently led to Plaintiff's termination.  (FAC ¶ 1.)  Plaintiff, in response, retained counsel and "fought the charges at his pre-termination *Skelly* hearing, and at a lengthy evidentiary hearing before [the] Civil Service Commission," but to no avail.  (*Id.*)  After the *Skelly* hearing, the presiding officer at the hearing communicated with Vignapiano regarding the charges asserted against Plaintiff outside his presence.  (FAC ¶¶ 6, 26–27.)  Plaintiff alleges that this is Defendants' "most glaring due-process violation."  (FAC ¶ 6.)  At the conclusion of the *Skelly* process, the City terminated Plaintiff in December 2006.  (FAC ¶ 24; Defs.' RJN, Ex. 1 at 20.)

Following the *Skelly* hearing and termination, the Civil Service Commission ("Commission") conducted another hearing regarding Plaintiff's termination in March 2007. (FAC ¶¶ 29–32; Defs.' RJN, Ex. 1 at 20.)  During this hearing, the Commission—a group of five unelected members who cannot hold any salaried City office or employment (City Charter § 609)—did not allow Plaintiff to present an audio tape of "obscene threats" made by Vignapiano left on Plaintiff's voicemail.  (FAC ¶ 30.)  Ultimately, the Commission affirmed Plaintiff's

---

[1] Plaintiff requests judicial notice of six state-court minute orders (Pl.'s Request for Judicial Notice ("RJN") [Doc. 9-1]), and Defendants request judicial notice of Plaintiff's First Amended Petition for Writ of Administrative Mandate filed in the Superior Court (Defs.' RJN [Doc. 5-2]).  Both requests are made under Federal Rule of Evidence 201.  The Court finds these documents are properly subject to judicial notice.  *See* Fed. R. Evid. 201.  Accordingly, the Court **GRANTS** both requests.  The Court also takes judicial notice of City of Chula Vista Charter ("City Charter").

11cv431

termination.  (FAC ¶¶ 31–32.)

Thereafter, Plaintiff sought judicial review of the Commission's decision by filing a petition for administrative mandamus pursuant to California Code of Civil Procedure § 1094.5 ("Mandamus Proceedings") in San Diego Superior Court.  (FAC ¶ 2; Defs.' RJN, Ex. 1 at 1.) Plaintiff filed the petition in September 2007, and named only the Commission as a respondent. (Defs.' RJN, Ex. 1 at 24.)  In November 2009, the Superior Court granted Plaintiff's petition and reversed the Commission's decision.  (FAC ¶ 2.)

On January 31, 2011, Plaintiff filed this lawsuit in San Diego Superior Court.  (Notice of Removal, Ex. A at 12 [Doc. 1-1].)  In the FAC, Plaintiff asserts six causes of actions: (1) abuse of process; (2) malicious prosecution; (3) unlawful policies, customs, or habits; (4) defamation; (5) interference; and (6) intentional infliction of emotional distress.  Each of Plaintiff's claims stem from alleged civil-rights violations based on 42 U.S.C. § 1983.  (FAC ¶¶ 33–55.) Furthermore, Plaintiff expressly seeks "different remedies for different injuries" than those pursued in the Mandamus Proceedings.  (FAC ¶ 3.)

On March 2, 2011, Defendants removed this case to this Court.

On April 26, 2011, Defendants filed a motion for judgment on the pleadings.  Plaintiff opposes.

## II.    LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  If both parties have had the opportunity to present material outside the pleadings relevant to the Rule 12(c) motion, the motion should be treated as a motion for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  "Although Rule 12(c) differs in some particulars from Rule 12(b)(6), the standard applied is virtually identical."  *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993).  Thus, the Ninth Circuit has held that,

//

//

11cv431

1
2
3

> [f]or the purposes of [a Rule 12(c)] motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

4   *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990)

5   (citations omitted).

6

7   **III.   DISCUSSION**[2]

8   **A.     The Statute of Limitations Bars All of Plaintiff's Claims.**

9   "Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of

10   limitations for personal injury actions." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154

11   (9th Cir. 2000) (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985)).  In California, personal-

12   injury claims are subject to a two-year statute of limitations.  *See* Cal. Civ. Proc. Code § 335.1;

13   *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).  However, while state law

14   governs the substantive limitation period, federal law determines when a civil-rights action

15   accrues and, therefore, when the statute of limitations begins to run.  *Norco Constr., Inc. v. King*

16   *Cnty.*, 801 F.2d 1143, 1145 (9th Cir. 1986).  Under federal law, a federal claim accrues when the

17   plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.*; *see*

18   *also Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).

19   For wrongful-termination claims brought under § 1983, the Supreme Court has held that

20   the claim accrues when the employee is notified that he would be terminated and not when he is

21   actually terminated.  *Chardon v. Fernandez*, 454 U.S. 6, 8 (1991).  Here, Plaintiff alleges that

22   Vignapiano informed him that he was terminated at some point before the start of the *Skelly*

23   hearing (FAC ¶ 24), but he fails to allege the date when this occurred.  Consequently, December

24   2006—when the City actually terminated Plaintiff at the conclusion of the *Skelly* hearing—is the

25

26

27

28

---

[2] Plaintiff argues that Defendants' motion is barred under Federal Rule of Civil Procedure 12(c) until Defendants file an answer.  (Pl.'s Opp'n 2.)  However, Defendants included their answer with the Notice of Removal, which can be found on the case docket.  Accordingly, the Court rejects this argument.

earliest date alleged in the FAC when Plaintiff learned of his termination.  (*See* FAC ¶ 24; Defs.'
RJN, Ex. 1 at 20.)  Given that all of Plaintiff's claims are governed by a two-year statute of
limitations, his statute of limitations ran in December 2008.  Plaintiff filed his complaint in the
Superior Court in January 2011.  Accordingly, all of Plaintiff's claims are time barred.

Additionally, Defendants argue that Plaintiff's claims "accrued, if at all, in or before the
March 2007 Civil Service Commission hearing, at the latest," and given that Plaintiff filed this
action after March 2009, all of the claims are barred.  (Defs.' Mot. 4.)  Plaintiff does not dispute
this argument in his opposition.  In fact, he only proffers an equitable-tolling argument, and
completely fails to substantively address Defendants' remaining arguments.  (Pl.'s Opp'n 1–2.)
As a result, Plaintiff also tacitly concedes, among other thigns, that all of his claims are time
barred.

### B.      Plaintiff is Not Entitled to Equitable Tolling.

Federal courts also apply the forum state's law regarding tolling, including equitable
tolling, except to the extent that any of these laws is inconsistent with federal law.  42 U.S.C. §
1983; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  The California Supreme Court has
stated that, for equitable tolling to apply in a nonmandatory situation, a plaintiff must establish
three elements: (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3)
reasonable and good-faith conduct on the part of the plaintiff.  *Addison v. Cal.*, 21 Cal. 3d 313,
319 (1978); *see also McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008).

> The timely notice requirement essentially means that the [plaintiff's] first claim must
> have been filed within the statutory period.  Furthermore[,] the filing of the first claim
> must alert the defendant in the second claim of the need to begin investigating the
> facts which form the basis for the second claim.  Generally this means that the
> defendant in the first claim is the same one being sued in the second.  The second
> prerequisite essentially translates to a requirement that the facts of the two claims be
> identical or at least so similar that the defendant's investigation of the first claim will
> put him in a position to fairly defend the second.  The third prerequisite of good faith
> and reasonable conduct on the part of the plaintiff is less clearly defined in the cases.
> But . . . the Supreme Court [has indicated that this factor is met if] the plaintiff filed
> his second claim a short time after tolling ended.

*McDonald*, 45 Cal. 4th at 102 n.2 (internal quotation marks omitted).

//

11cv431

Here, Defendants were not parties to the Mandamus Proceedings.; the Commission was the only named defendant in those proceedings.  Also, as Defendants point out, the Commission is a group of independent individuals that are neither employees nor officers of the City.  The Commission members are unelected, and they cannot hold any salaried City office or employment.  (City Charter § 609.)  Indeed, the City and the Commission are not one and the same.  Because Defendants were not parties to the Mandamus Proceedings, Plaintiff did not alert Defendants of the need to begin investigating the facts which form the basis of Plaintiff's claims alleged in the FAC.  Therefore, timely notice was not given to Defendants.

Moreover, Plaintiff is now seeking "different remedies for different injuries."  The inquiry of the second element normally ends here.  However, even comparing the substance of the claims raised in the Mandamus Proceedings and the claims raised here, the Court concludes that the claims  from the Mandamus Proceedings are neither identical nor similar to the tort claims raised here.  The Mandamus Proceedings focused exclusively on whether the Commission properly affirmed the City's termination of Plaintiff's employment.  (*See* Defs.' RJN, Ex. 1.)  It did not address any liability of Defendants under the Civil Rights Act or California tort law.[3]  Therefore, allowing Plaintiff to proceed with these personal-injury claims so long after the expired would prejudice Defendants.

Accordingly, Plaintiff is not entitled to equitable tolling.


**IV.    CONCLUSION**

In light of the foregoing, the Court **GRANTS** Defendants' motion for judgment on the pleadings, and **DISMISSES** Plaintiff's FAC in its entirety.  (Doc. 5.)

//

//

//

---

[3] The Court's findings that Plaintiff fails to satisfy the first two elements in order to apply equitable tolling sufficiently demonstrates that Plaintiff is not entitled to equitable tolling.  Thus, the Court does not reach the substance of the third element.

11cv431

Plaintiff has not, however, been afforded an opportunity to amend his complaint in federal court.  As such, the Court hereby **GRANTS** Plaintiff **LEAVE TO AMEND**.  But Plaintiff is advised that "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010).  If Plaintiff decides to file an amended complaint, he must do so by **October 3, 2011**.

    **IT IS SO ORDERED.**

DATED: September 13, 2011

_____
M. James Lorenz
United States District Court Judge

11cv431