1

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12

13   CARLOS BEJAR,                    )   Civil No. 11-cv-431-L(POR)
                                      )
14                    Plaintiff,      )   **ORDER DENYING PLAINTIFF'S**
                                      )   **MOTION FOR RECONSIDERATION**
15   v.                               )   **[DOC. 25]**
                                      )
16   CITY OF CHULA VISTA, *et al.*,   )
                                      )
17                    Defendants.     )
     _____)

18          On September 13, 2011, the Court granted Defendants City of Chula Vista and Louis

19   Vignapiano's motion for judgment on the pleadings, and dismissed Plaintiff Carlos Bejar's first

20   amended complaint ("FAC") in its entirety.  However, the Court granted Plaintiff leave to

21   amend.  Thereafter, Plaintiff filed an untimely second amended complaint ("SAC"), which was

22   stricken by the Court.  The Court also denied Plaintiff's *ex parte* application seeking relief from

23   the order striking the untimely SAC.  Plaintiff now moves for reconsideration of the denial of the

24   *ex parte* application.  Defendants oppose.

25          The Court found this motion suitable for determination on the papers submitted and

26   without oral argument.  *See* Civ. L.R. 7.1(d.1).  (Doc. 31.)  For the following reasons, the Court

27   **DENIES** Plaintiff's motion for reconsideration.  (Doc. 25.)

28   //

## I.    LEGAL STANDARD

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).  "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted).  Further, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  *Id.*  It does not give parties a "second bite at the apple."  *See id.*  Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration.  *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.  *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).  Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

//

//

## II.    DISCUSSION

On October 4, 2011, Plaintiff filed his SAC, which was stricken because it was untimely. (Doc. 18.) Then, *two weeks later*, Plaintiff filed an *ex parte* application for an extension of time to file the SAC.  (Doc. 22.)  That application was denied.  The Court based its decision on Plaintiff's purported misrepresentation[1] and failure to argue the appropriate standard.  In that order, the Court applied the Rule 16(b) good-cause standard.  Plaintiff now argues that Rule 16(b) does not apply to the relief requested, and that the record does not support the denial of Plaintiff's application under either Rule 16(b) or 15(a).  In response, Defendants argue that Plaintiff is mistaken and the Court applied the correct standard, which Plaintiff simply failed to meet.

Upon further review, the Court reaches the same conclusion as before.  Though determining whether the standard under Rule 16(b) or 15(a) may have been pertinent, ultimately the Court's conclusion based on Plaintiff's failure to argue the appropriate standard stands.  In fact, that basis for denial is very appropriate given Plaintiff's failure to apply *any* standard in his *ex parte* application.  The application simply provided no legal authority or analysis to justify granting the application.  Expectedly, there was no mention of the Rule 16(b)'s good-cause standard.  However, there was also no mention of the Rule 15(a)'s freely given standard in the application.  Rather, Plaintiff's grounds for the *ex parte* application were that the untimely filing was the result of a computer malfunction, and the late filing was his only filing discrepancy.  (Pl.'s *Ex Parte* Appl. 1:26–28 [Doc. 22].)  There are no references to any case law, rules, or statutes.  Moreover, the words "good cause" and "freely given" cannot be found anywhere in the application.  At this juncture, determining whether the good-cause or freely-given standard applies is irrelevant because Plaintiff applied neither in his *ex parte* application.  Therefore, the grounds for denial—that Plaintiff failed to apply the appropriate standard, whichever standard it

---

[1] Upon closer examination, Plaintiff's counsel did not misrepresent any circumstances related to the time the SAC was filed.

11cv431

may be—remains, and there was no clear error[2] or mistake in the Court's conclusion.

## III.  CONCLUSION & ORDER

Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court **DENIES** his motion.  (Doc. 25.)

However, in light of the circumstances, the Court will permit Plaintiff to seek leave to file a SAC.  Accordingly, if Plaintiff chooses to do so, he may file a motion for leave to file a SAC *no later than* __April 27, 2012__.  Plaintiff shall obtain a hearing date from chambers before he files the motion.  Furthermore, both parties are warned that any further failures to follow the Federal Rules of Civil Procedure, this district's Civil Local Rules, the Court's Standing Order for Civil Cases, and any other applicable rules *will* result in sanction.

**IT IS SO ORDERED.**


DATED: April 17, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[2] The Court notes that Rule 59(e) probably does not apply because Plaintiff does not seek to alter or amend a judgment entered in this case.  *See* Fed. R. Civ. P. 59(e).  In fact, a judgment has not been entered in this case.

11cv431