UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BEJAR,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF CHULA VISTA, *et al.*,<br><br>           Defendants. | Case No. 11-cv-431-L(POR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DOC. 36]** |

On March 2, 2011, Defendants City of Chula Vista ("City") and Louis Vignapiano removed this civil-rights action to this Court from the San Diego Superior Court. This action arises from Plaintiff Carlos Bejar's termination from employment for the City. After failing to file an amended complaint by the ordered due date, Plaintiff now moves for leave to file a Second Amended Complaint ("SAC"). Defendants oppose.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 38.) For the following reasons, the Court **DENIES** Plaintiff's motion for leave to file a SAC.

//

//

## I. BACKGROUND[1]

The City employed Plaintiff beginning in 2002 until his termination in 2006. (PSAC ¶¶ 9–16.) Initially, Plaintiff worked for the City's Fire Department. (*Id.* ¶ 9.) But in 2005, he was transferred to Information Technology where he reported to Vignapiano. (*Id.* ¶ 12.)

Leading up to his termination, Plaintiff alleges that Vignapiano accused him of "lying about his timesheets and other documentation regarding Plaintiff's whereabouts on November 8, 2005." (PSAC ¶ 13.) Vignapiano also allegedly accused Plaintiff of "misuing sick leave on July 13, 2006, and August 28, 2006," "acted abusively toward Plaintiff," and "threatened to do something to [Plaintiff] 'worse' than firing him." (*Id.* ¶ 15.) Eventually, Vignapiano formally charged Plaintiff with "dishonesty" for mislabeling several hours he reported on a time sheet, and then terminated him. (PSAC 2:4–7.) Plaintiff, in response, retained counsel and "fought the charges at his pre-termination *Skelly* hearing, and at a lengthy evidentiary hearing before [the] Civil Service Commission," but to no avail. (*Id.* at 6:22–24.) After the *Skelly* hearing, the presiding officer at the hearing communicated with Vignapiano regarding the charges asserted against Plaintiff outside his presence. (PSAC ¶¶ 19–20.) Plaintiff alleges that this is Defendants' "most glaring due-process violation." (PSAC 8:3–5.) At the conclusion of the *Skelly* process, the City terminated Plaintiff on December 11, 2006. (Defs.' RJN Ex. 1 ¶ 64 [Doc. 37-1].)

Following the *Skelly* hearing and termination, the Civil Service Commission ("Commission") conducted another hearing regarding Plaintiff's termination in March 2007. (PSAC ¶¶ 21–25; Defs.' RJN Ex. 1 ¶ 64.) During this hearing, the Commission—a group of five unelected members who cannot hold any salaried City office or employment (Defs.' RJN Ex. 2 § 609)—did not allow Plaintiff to present an audio recording of a "threatening, obscenity-laced message" that Vignapiano left on Plaintiff's voicemail. (PSAC ¶ 23.) Ultimately, the Commission affirmed Plaintiff's termination. (*Id.* ¶ 21.)

---

[1] Plaintiff includes a copy of the Proposed Second Amended Complaint ("PSAC") as Exhibit 1 to his motion. (Doc. 36-2.)

Thereafter, Plaintiff sought judicial review of the Commission's decision by filing a petition for administrative mandamus pursuant to California Code of Civil Procedure § 1094.5 ("Mandamus Proceedings") in San Diego Superior Court. (PSAC ¶ 26; Defs.' RJN Ex. 1.) Plaintiff filed the petition in September 2007, and named only the Commission as a respondent. (Defs.' RJN Ex. 1 at 21.) In November 2009, the Superior Court granted Plaintiff's petition and reversed the Commission's decision. (PSAC ¶ 30.)

On January 31, 2011, Plaintiff filed this lawsuit in San Diego Superior Court. (Notice of Removal, Ex. A at 12 [Doc. 1-1].) In the First Amended Complaint ("FAC"), Plaintiff asserts six causes of actions: (1) abuse of process; (2) malicious prosecution; (3) unlawful policies, customs, or habits; (4) defamation; (5) interference; and (6) intentional infliction of emotional distress. Each of Plaintiff's causes of action stem from alleged civil-rights violations based on 42 U.S.C. § 1983. Furthermore, Plaintiff expressly seeks "different remedies for different injuries" than those pursued in the Mandamus Proceedings. (PSAC ¶¶ 52–54.)

On March 2, 2011, Defendants removed this case to this Court. (Doc. 1.)

On April 26, 2011, Defendants filed a motion for judgment on the pleadings. (Doc. 5.) The Court granted the motion, finding that all of Plaintiff's causes of action were barred by the statute of limitations and that Plaintiff was not entitled to equitable tolling. (Doc. 16.) Because Plaintiff had not been afforded an opportunity to amend his complaint in federal court, the Court granted Plaintiff leave to amend his complaint. The amended complaint was due by October 3, 2011.

On October 4, 2011, Plaintiff filed his amended complaint. (Doc. 18.) That complaint was stricken because it was untimely. (Doc. 21.) After the fact, Plaintiff filed an *ex parte* application for an extension of time to file the SAC, but that application was denied. (Docs. 22, 24.) Thereafter, Plaintiff filed a motion for reconsideration addressing the Court's denial of the *ex parte* application. (Doc. 25.) That motion was also denied. (Doc. 35.) However, the Court permitted Plaintiff to file a motion for leave to file an amended complaint.

Plaintiff now moves for leave to file a Second Amended Complaint ("SAC"). Defendants oppose.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

## III.     DISCUSSION

Defendants argue that Plaintiff's amendment is futile because his causes of action are time-barred under the applicable statute of limitations and the doctrine of equitable tolling does not apply. (Defs.' Opp'n 3:12–18.) In response, it appears that Plaintiff argues that he is entitled to equitable tolling because he was required to exhaust administrative remedies. (Pl.'s Reply 3:4–6:16.) The Court agrees with Defendants, and for the following reasons, finds that Plaintiff's proposed amendments are indeed futile.

### A.     The Statute of Limitations Bars All of Plaintiff's Causes of Action.

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for assault, battery, and other personal-injury claims provides that such actions must be brought within two years after the cause of action arose. *Canatella v. Van De Camp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Civ. Proc. Code § 335.1). However, while state law governs the substantive limitation period, federal law determines when a civil-rights action accrues and, therefore, when the statute of limitations begins to run. *Norco Constr., Inc. v. King Cnty.*, 801 F.2d 1143, 1145 (9th Cir. 1986). Under federal law, a federal claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.*; *see also Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).

Because each of Plaintiff's causes of action are based on § 1983, the entire action is subject to a two-year statute of limitations. Defendants add that "the claims that Plaintiff pleaded with some detail allegedly accrued between November 2006 and March 2007, depending on the claim," which means "Plaintiff had until March 2009, at the latest, to file this lawsuit, which he did not do until late 2010." (Defs.' Opp'n 4:5–10.) Defendants also highlight Plaintiff's own admission in the Proposed SAC that "three years, ten months, and 12 days . . . elapsed between his notice of termination and the filing of his complaint under section 1983."

(*Id.* (quoting PSAC ¶ 34).)  Plaintiff does not challenge any of these arguments or the date calculations, thereby tacitly conceding that all of his causes of action are indeed time barred. Therefore, the Court concludes that all of Plaintiff's causes of action are barred by the two-year statute of limitations.

### B.      Plaintiff Is Not Entitled to Equitable Tolling.

Federal courts also apply the forum state's law regarding tolling, including equitable tolling, except to the extent that any of these laws is inconsistent with federal law.  42 U.S.C. § 1983; *Jones*, 393 F.3d at 927.  The California Supreme Court has stated that, for equitable tolling to apply in a nonmandatory situation, a plaintiff must establish three elements: (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good-faith conduct on the part of the plaintiff.  *Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978); *see also McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008).

> The timely notice requirement essentially means that the [plaintiff's] first claim must have been filed within the statutory period.  Furthermore[,] the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim.  Generally this means that the defendant in the first claim is the same one being sued in the second.  The second prerequisite essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second.  The third prerequisite of good faith and reasonable conduct on the part of the plaintiff is less clearly defined in the cases.  But . . . the Supreme Court [has indicated that this factor is met if] the plaintiff filed his second claim a short time after tolling ended.

*McDonald*, 45 Cal. 4th at 102 n.2 (internal quotation marks omitted).

Plaintiff relies heavily on the proposition from *McDonald* that "[i]t has long been settled that in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceedings."  45 Cal. 4th at 101.  Or, stated more concisely in the same opinion by the California Supreme Court, "[w]here exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic."  *Id.*  Plaintiff's sole argument for tolling appears to be that he was required to exhaust administrative

1 remedies before filing this civil action.² (Pl.'s Reply 3:4–6:16.) The only law that Plaintiff provides addressing the administrative process is California Code of Civil Procedure § 1094.5. Plaintiff argues that procedural construct created by § 1094.5 left him with "no authentic choice to make between California or federal jurisdiction—they have to pursue the writ process or forfeit their causes of action." (*Id.* at 3:17–19.) However, that is a false dichotomy, and Plaintiff fails to show that he is entitled to *McDonald*'s automatic equitable tolling.

Though the operative facts in this action are clearly related to the facts in the Mandamus Proceedings, this action in not another step in the review process that Plaintiff commenced before the Commission. As the Court noted in its order granting Defendants' motion for judgment on the pleadings, Defendants in this action were not parties to the Mandamus Proceedings. Rather, the Commission was the only named defendant in those proceedings, and the Commission and the City are not one and the same. Moreover, Plaintiff is pursuing "different remedies for different injuries." (PSAC 7:4–5.) The claims from the Mandamus Proceedings are neither identical nor similar to the causes of action raised here. The Mandamus Proceedings focused exclusively on whether the Commission properly affirmed the City's termination of Plaintiff's employment, whereas this action addresses the City's potential liability under the Civil Rights Act and California tort law. These are the same defects that existed when the Court reviewed Defendants' motion for judgment on the pleadings, and Plaintiff wholly fails to address those deficiencies here. Simply put, contrary to Plaintiff's contention, this action is not a part of the administrative process that began with Plaintiff's petition brought before the Commission. Therefore, as the Court previously found, timely notice was not given to Defendants, and allowing Plaintiff to proceed with his causes of action so long after the statute of limitations expired would prejudice Defendants. *See Addison*, 21 Cal. 3d at 319.

---

² At several points, Plaintiff curiously refers to the doctrine of *res judicata*. (Pl.'s Reply 3:17–4:4, 5:12–6:3.) Based on Plaintiff's briefs, it is unclear how *res judicata* is applicable here. Plaintiff neither explains in detail how the doctrine applies nor provides any law to support his application of the doctrine. For example, he includes the assertion that "[s]tate and federal courts are obliged to give *res judicata* effect to these administrative decisions," but does not support that proposition with any law. Ultimately, it appears that the doctrine of *res judicata* is irrelevant to the equitable-tolling analysis here.

Consequently, Plaintiff is not entitled to equitable tolling. *See McDonald*, 45 Cal. 4th at 102; *Addison*, 21 Cal. 3d at 319.

### IV.    CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Plaintiff's motion for leave to file a SAC. (Doc. 36.)

**IT IS SO ORDERED.**

DATED: November 29, 2012

_____
M. James Lorenz
United States District Court Judge